UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:20-cv-00407-SCB-AAS

**WANDA KOEHN,**

     Plaintiff,

vs.

**B.G.P., INC. d/b/a PELTZ SHOES,**
**a Florida for-profit corporation,**

     Defendant.

_____/

### JOINT MOTION FOR APPROVAL
### AND ENTRY OF CONSENT DECREE

Plaintiff WANDA KOEHN, and Defendant B.G.P. INC., d/b/a PELTZ SHOES, by and through their respective undersigned counsel, hereby notify the Court that they have entered into a Consent Decree intended to resolve this matter. The parties, through their counsel, jointly move the Court for approval and entry of the Consent Decree attached hereto as Exhibit "A".

**I.    Background**

Plaintiff asserts a single claim in this action for alleged barriers to access under Title III of the ADA.  Since the inception of this case, both Plaintiff and Defendant have had the opportunity to assess Defendant's website.

To avoid continued litigation, to provide the parties with some degree of certainty as to what accessibility-related standard Defendant should adopt, what steps Defendant should take to increase accessibility of the website, and to provide an effective mechanism for addressing any maintenance or other issues that may arise without the need for future litigation, the parties request entry of the attached consent decree.

If approved and entered by the Court, the proposed Consent Decree provides clear directives as to what compliance measures are required. This, in turn, furthers the purposes of the ADA (by providing barrier removal) while avoiding unnecessary litigation. The parties have separately resolved the issue of attorneys and expert fees and costs.

Both parties were represented by counsel in the development of this plan, and both parties had the opportunity to evaluate the accessibility-related issues on the website. The remediation plan, which is below, represents a good faith determination of the steps needed to make the website more usable to disabled individuals.

## II.    The Proposed Remediation Plan

The parties propose that, within the next twenty-four (24) months, Defendant will engage in the following multi-step accessibility plan:

a.    Within twenty-four (24) months of the Effective Date, The Defendant will, within twenty-four (24) months of the Effective Date (defined in Section VII), use good faith efforts to cause the Website to substantially conform with the Web Content Accessibility Guidelines 2.0 (WCAG) Level AA to the extent readily achievable.  Should the Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the WCAG 2.0 Level AA, the Defendant shall have the option of complying with that legal standard, which option it may exercise in its sole discretion. Notwithstanding the foregoing, the Defendant will make reasonable efforts to use only third-party content that conforms to WCAG 2.0 Level AA.

b.    Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to/from the Website, are accessible or otherwise substantially conform to

WCAG 2.0 or any other standard subsequently advanced to W3C Recommendation or established by law or regulation.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement and remediation plan during negotiations.  All Parties were counseled and represented by their respective attorneys and any relevant experts with whom they sought to confer, and they believe it is reasonable and appropriate.

## III.    Conclusion

The Parties jointly request that this Court approve the Parties' remediation plan and request that the Court enter the Consent Decree attached as Exhibit "A", adopting and ordering the implementation of the remediation plan.

Dated:  April 20, 2020

By: _s/ Roderick V. Hannah_____
    Roderick V. Hannah, Esq.
    Florida Bar No. 435384
    Email: *rhannah@rhannahlaw.com*
    RODERICK  V.  HANNAH,  ESQ.,
    P.A.
    8751 W. Broward Blvd., Suite 303
    Plantation, FL 33324
    Telephone: (954) 362-3800
    *Counsel for Plaintiff*

By: _s/ Edmund J. Gegan___
    Edmund J. Gegan, Esq.
    Florida Bar No. 68822
    Email:  *Edmund.gegan@geganoffice.com*
    GEGAN LAW OFFICE
    1005 North Marion Street
    Tampa, FL 33602
    Telephone: (813) 248-8900
    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/ *Roderick V. Hannah*
Roderick V. Hannah, Esq.

## SERVICE LIST

**United States District Court for the Middle District of Florida**
***Wanda Koehn v. B.G.P., Inc., d/b/a Peltz Shoes***
**CASE NO.: 8:20-cv-00407-SCB-AAS**

Roderick V. Hannah, Esq.
Florida Bar No. 435384
E-mail: rhannah@rhannahlaw.com
RODERICK V. HANNAH, ESQ., P.A.
8751 W. Broward Blvd., Suite 303
Plantation, FL 33324
Telephone: (954) 362-3800
*Counsel for Plaintiff*

Edmund J. Gegan, Esq.
Florida Bar No. 68822
Email: *Edmund.gegan@geganoffice.com*
GEGAN LAW OFFICE
1005 North Marion Street
Tampa, FL 33602
Telephone: (813) 248-8900
*Counsel for Defendant*

Pelayo M. Duran, Esq.
Florida Bar No. 0146595
E-mail: duranandassociates@gmail.com
LAW OFFICE OF PELAYO M. DURAN, P.A.
4640 N.W. 7 Street
Miami, FL 33126
Telephone: (305) 266-9780
*Co-Counsel for Plaintiff*