UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:20-cv-00407-SCB-AAS

**WANDA KOEHN,**

Plaintiff,

vs.

**B.G.P., INC., d/b/a PELTZ SHOES,**
**a Florida for-profit corporation,**

Defendant.

**CONSENT DECREE AND ORDER FOR INJUNCTIVE, MONETARY AND OTHER RELIEF**

1. **WANDA KOEHN** ("Plaintiff") filed a Complaint on February 21, 2020, against B.G.P., INC., d/b/a PELTZ SHOES, a Florida for-profit corporation ("Defendant") alleging that the Defendant failed to design, construct, and maintain its website, www.peltzshoes.com (the "Website"), in a manner that is fully accessible to and independently usable by Plaintiff and other blind or visually impaired people. Plaintiff alleges this resulted in a denial of full and equal access to its Website, and the products and services offered on the Website, in violation of Title III of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq.*).

2. The Defendant deny the allegations in the Complaint, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3. To avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against the Defendant for injunctive relief and damages that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or any other state or federal civil rights, consumer protection, or privacy laws, and this Consent Decree and Order should not be construed as such.

## I. JURISDICTION

5. The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC § 12101 *et seq.,* and the tort of trespass.

## II. INJUNCTIVE RELIEF

6. The Defendant will, within twenty-four (24) months of the Effective Date (defined in Section VII), use good faith efforts to cause the Website to substantially conform with the Web Content Accessibility Guidelines 2.0 (WCAG) Level AA to the extent readily achievable. Should the Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the WCAG 2.0 Level AA, the Defendant shall have the option of complying with that legal standard, which option it may exercise in its sole discretion. Notwithstanding the foregoing, the Defendant will make reasonable efforts to use only third-party content that conforms to WCAG 2.0 Level AA.

## III. MONETARY RELIEF

7. The Defendant will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, a monetary sum, as set forth in a Confidential Addendum executed between the Parties separately from this Consent Decree, for

Plaintiff's costs and attorneys' fees in bringing this action. Plaintiff agrees that neither she nor her attorneys are entitled to any other monetary compensation as a result of the Confidential Addendum, this Consent Decree, or any other claim Plaintiff might have against the Defendant.

## IV.   ENTIRE CONSENT DECREE AND ORDER

8.   This Consent Decree and Order, together with the Confidential Addendum referenced in Paragraph 7, constitutes the entire agreement between the Parties on the matters of injunctive relief and damages, attorneys' fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

## V.   RELEASE OF CLAIMS

9.   For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of himself and any of his agents, employees, representatives, assigns, heirs, executors, trustees, partners and attorneys, and each of them ("Releasors"), shall be deemed to have jointly and severally forever released and discharged the Defendant, its affiliates and related entities, together with its respective past, present, and future officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent entities, subsidiary entities, other related entities, partners, insurers, contractors, independent consultants, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing ("Releasees"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, legal proceedings, losses, fees, costs and expenses of any kind whatsoever, whether known or unknown, including, but not limited to, any monetary, injunctive or declaratory relief relating thereto, and for reimbursement of attorney's fees, costs and expenses, specifically relating to the Website, the Defendant's other digital assets (websites and mobile apps), and the Complaint ("Released Claims"). Plaintiff, on his own behalf and on behalf of the other Releasees, acknowledges that Released Claims may include claims that are

presently unknown, and that the release contained in this Consent Decree is intended to and does fully, finally and forever discharge all Released Claims, whether now asserted or unasserted, known or unknown, which arise out of or in connection with the Released Claims.

10. Plaintiff acknowledges that she may hereafter discover facts different from, or in addition to, those which she now believes to be true with respect to the Released Claims. On her own behalf and on behalf of all of the Releasees, Plaintiff agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Consent Decree contemplates the extinguishment of all such Released Claims. By executing this Consent Decree, Plaintiff acknowledges the following: (a) she is represented by counsel of her own choosing; and (b) she has been specifically advised by her counsel of the consequences of the above waiver and this Consent Decree generally.

11. Plaintiff expressly covenants that, as against Defendant, she has not and will not file, initiate, commence, institute, maintain, or prosecute any action at law, suit in equity or other proceeding, or seek damages or other relief incurred or allegedly incurred by her, related to, arising out of, or in any way connected with the Complaint or any Released Claim.

**VI.   ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**

12. This Consent Decree and Order shall be binding on Plaintiff or any other interested third party with standing to enforce its terms and upon the Defendant and any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

### VII.   TERM OF THE CONSENT DECREE AND ORDER

15. This Consent Decree and Order shall become effective on the date the Order is signed by the Court ("Effective Date").

16. This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of eighteen (18) months from the Effective Date without further action by the Parties ("Expiration Date").

### VIII.   SEVERABILITY

17. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

### IX.   RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

18. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

19. If either Party, or any other interested third party with standing to enforce its terms, believes that the other Party has failed to comply with any provision of the Decree, the complaining Party shall notify the alleged non-complying Party in writing of such noncompliance and afford the alleged non-complying Party thirty (30) days to remedy the noncompliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. The Court may order appropriate relief should it determine that either Party has not complied with this Decree.

**AGREED:**

**WANDA KOEHN**

*Wanda Koehn*
_____
Date: ___04-17-2020_____


**B.P.G., INC., d/b/a PELTZ SHOES**

By: _____
Its: ___President_____
Date: __4/15/2020_____



SO ORDERED this _21_ day of ____April_____, 2020.


BY THE COURT:

*Susan C. Bucklew*
_____
UNITED STATES DISTRICT COURT JUDGE